# NOVEMBER 21, 1934

Louis Chapman v. The State.

No. 17033.    Delivered November 21, 1934.
Reported in 76 S. W. (2d) 138.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing a still for manufacturing spirituous liquors capable of producing intoxication; the punishment, confinement in the penitentiary for one year.

Officers went to Bennett Davis' place on the 29th of November, 1933, at night, and stopped on his premises about one-fourth of a mile from his house. They heard water pouring. Finally a wagon driven by two men went in the direction of Davis' house. The officers followed. When the wagon reached the well at the house the parties stopped and filled a barrel with water. After said parties entered the house the officers called to Davis and he came outside where he was arrested. Appellant walked out of the house and was not seen by the officers again. After placing Davis in jail the officers returned to the point where they had heard the water pouring and found a complete still.

Bennett Davis testified, in substance, as follows: Appellant lived about two miles from the witness' home. On the day of the arrest he and appellant had borrowed a wagon from Travis Roberts, the father-in-law of the witness. He did not tell Roberts that the wagon would be used in moving a still. Using the wagon, the witness and appellant placed the still where the officers found it. The still belonged to appellant. After the still had been moved witness and appellant returned to the witness' home, where the arrest was made. Roberts and the witness' wife were present in the house at the time. Roberts had brought the wagon in which they moved the still over to the witness' house. Roberts had nothing to do with the still. As far as the witness knew he did not even know it was there. Roberts brought the sack of sugar, chops and yeast, which were found at the still by the officers, to the witness' home and left it on his (Roberts') wagon.

Mrs. Bennett Davis testified that she did not know that appellant and her husband were moving a still on the night of the arrest. She testified further that her father came over to the house two or three times a week to haul water to his stock. Again, she testified that appellant gave her some money to be delivered to Roberts for buying sugar, and that she gave the money to Roberts. Further she testified that, in addition to bringing the sugar, her father brought a sack of chops and some yeast to the house.

Roberts testified that Davis and appellant left Davis' home on the night of the arrest in the witness' wagon and returned shortly prior to the arrest. He did not go with them. He testified further that he hauled 150 pounds of sugar to Davis' home on the day of the arrest; that appellant furnished money with which to buy the sugar; that he left the sugar on his wagon when he got to Davis' home.

Testifying in his own behalf, appellant declared that he had nothing to do with the still and that shortly before the arrest Roberts and Davis came to the house in Roberts' wagon. He testified that he knew nothing of the presence of the still. He denied that he furnished Roberts any money for buying sugar.

Appellant timely and properly excepted to the charge of the court for its failure to instruct the jury that the witness Roberts was an accomplice as a matter of law. The still was located on land Roberts had in charge. It was in Roberts' wagon that it was hauled from somewhere north of Davis' house to the pasture where it was found. Roberts bought the

sugar, chops and yeast found by the officers at the still, and hauled it in his wagon to the home of Davis. He testified that he bought 150 pounds of sugar, which cost between nine and ten dollars. He did not testify that in addition he bought chops and yeast, but such fact was developed from the testimony of Roberts' daughter, who testified for the State. She said that appellant had given her ten dollars to give to Roberts to buy sugar with. Thus, it would appear that in addition to sugar, Roberts purchased chops and yeast on his own initiative. He left this material in the wagon, which, according to the testimony of the State, was later driven to the still by Davis and appellant. Appellant testified that Roberts and Davis came to the house on the night of the arrest in Roberts' wagon. While on the witness stand Roberts did not deny he knew that the chops, sugar and yeast were to be used to manufacture whisky. He did not disclaim knowledge of the location of the still upon premises controlled by him. Under the circumstances, we think the court should have responded to appellant's exception and charged the jury that the witness was an accomplice as a matter of law. See Luck v. State, 67 S. W. (2d) 302.

As to Mrs. Davis, we think the court should have responded to appellant's exception and submitted to the jury the issue as to whether she was an accomplice witness.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.